UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DSS Technology Management, Inc.** § § § | |
| Plaintiff, § | Civil Action No. 6:15-cv-692 |
| v. § § | Jury Trial Demanded |
| **Qualcomm Incorporated** § § § § | |
| Defendants. § | |

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DSS Technology Management, Inc., files this Original Complaint for patent infringement under 35 U.S.C. § 271 against Defendants Qualcomm Incorporated (Defendant or "Qualcomm") and alleges as follows:

I.   **THE PARTIES**

1. Plaintiff DSS Technology Management, Inc. (Plaintiff or "DSS") is a corporation that maintains offices in Plano, Texas where it engages in product development and marketing efforts.

2. Defendant **Qualcomm Incorporated ("Qualcomm")** is a Delaware corporation with its principal place of business at 5775 Morehouse Dr., San Diego, California 92121. Qualcomm Incorporated may be served via its registered agent Prentice Hall Corp. System, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3. Defendant is doing business, directly and/or through subsidiaries or intermediaries, in the United States and, more particularly, in the State of Texas and the Eastern District of Texas, by designing, marketing, testing, making, using, selling, importing, and/or

offering for sale products and systems that infringe the patent claims involved in this action or by transacting other business in this District.

## II. JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b). Furthermore, venue is proper because Defendant conducts business within this District and/or solicit and establish relationships with entities within this District, which include the making, importation, sell, and/or offering for sale of Infringing Products as discussed below. Each act of Defendant's directly or indirectly infringing conduct in this District gives rise to proper venue.

6. This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Texas. Defendant, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products containing semiconductors that infringe the patent claims involved in this action. Such conduct occurs in the United States, the State of Texas, and the Eastern District of Texas. Defendant has purposefully and voluntarily placed one or more of their semiconductor products into the stream of commerce with the expectation that it will be purchased by consumers in the United States, the State of Texas, and the Eastern District of Texas. The Infringing Products have been and continue to be imported into and purchased by consumers in the Eastern District of Texas. Defendant has committed the tort of patent infringement within the United States, the State of Texas and, more particularly, within the Eastern District of Texas.

7. Defendant conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this district, the State of Texas, and elsewhere in the United States. Defendant maintain offices in Texas

8. DSS maintains offices in the Eastern District of Texas, where employees are engaged in marketing and engineering efforts directed toward developing products based on the intellectual property, including but not limited, that at issue in this case.

### III. GENERAL ALLEGATIONS

9. On October 12, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,965,924 ("the '924 Patent"), titled "Metal Plug Local Interconnect," to Ting P. Yen. A true and correct copy of the '924 Patent is attached hereto as Exhibit A.

10. On August 31, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,784,552 ("the '552 Patent"), titled "Structure Having Reduced Lateral Plug Erosion," to James E. Nulty and Christopher J. Petti. A true and correct copy of the '552 Patent is attached hereto as Exhibit B.

11. Plaintiff is the owner by assignment of the '924 Patent and the '552 Patent and owns all rights, title, and interest in and to the '924 Patent and the '552 Patent, including all rights to sue and recover for past and future infringement.

### IV. QUALCOMM'S INFRINGEMENT OF THE '924 PATENT

12. Defendant has infringed and continue to infringe, directly, and/or through the inducement of others, the claimed methods of the '924 Patent by making, using, importing, exporting, selling, and/or offering for sale the Infringing Products.

13.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14.     Defendant, directly or through intermediaries, is liable for infringing one or more claims of the '924 Patent.

15.     Defendant has failed to obtain permission from DSS to make, use, offer to sell, sell, or import products embodying the claims in the '924 Patent.

16.     Defendant has been and is now directly infringing the '924 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products, that either structurally embody one or more claims of the '924 Patent or are manufactured using the processes embodied in one or more claims of the '924 Patent.  Qualcomm also has been and now is inducing others, such as manufacturers and/or retailers of products incorporating Qualcomm's infringing semiconductors, to directly infringe one or more claims of the '924 Patent by using, selling, offering for sale, or importing products made by processes embodied in, or that otherwise embody, one or more claims of the '924 Patent.

17.     Qualcomm directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '924 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products.  By way of example only, Qualcomm has directly infringed and continues to infringe, in addition to other claims, at least claim 1 of the '924 Patent by making, using, selling, and/or offering to sell in the

United States, without DSS's authority, products such as the Qualcomm Snapdragon 800 series, the MDM92335, and all devices made via a 28 or 20 nanometer process (the "Infringing Products"). Qualcomm's infringing activities include importing, offering for sale, and/or selling the Infringing Products in the United States. Qualcomm also infringes the '924 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Qualcomm's infringement of the '924 Patent has caused substantial damage to DSS. Qualcomm's infringing activities violate at least 35 U.S.C. § 271(a).

18.  Qualcomm directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '924 Patent. Qualcomm's deliberate actions include, but are not limited to, actively marketing to, encouraging use by, and instructing consumers, businesses, distributors, resellers, sales representatives, to use, promote, market, distribute, and/or sell the Infringing Products. Plaintiff contends that Qualcomm aided, instructed, or otherwise acted with the intent to cause acts by consumers, businesses, distributors, resellers, and sales representatives that would result in direct infringement of the '924 Patent. At least as to the time of this filing, Qualcomm knew of the '924 Patent, and Qualcomm knows, or at least should know, that Qualcomm's actions would result in infringement of the '924 Patent. By way of example only, Qualcomm has induced infringement and continues to induce infringement of, in addition to other claims of, at least claim 1 of the '924 Patent by making, using, selling, and/or offering to sell in the United States, without DSS's authority, products such as the Qualcomm Snapdragon 800 series, the MDM92335, and all devices made via a 28 or 20 nanometer process. These actions, individually and collectively, have induced and continue to induce the direct infringement of the '924 Patent

by consumers, businesses, distributors, resellers, and sales representatives. Qualcomm's infringing activities violate 35 U.S.C. § 271(b).

19. Qualcomm, unless restrained and enjoined, will continue to cause, irreparable injury and damages to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Qualcomm will continue to infringe the '924 Patent.

V. **QUALCOMM'S INFRINGEMENT OF THE '552 PATENT**

20. Defendant has infringed and continues to infringe, directly, and/or through the inducement of others, the claimed apparatus of the '552 Patent by making, using, importing, exporting, selling, and/or offering for sale the Infringing Products.

21. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendant, directly or through intermediaries, is liable for infringing one or more claims of the '552 Patent.

23. Defendant has failed to obtain permission from DSS to make, use, offer to sell, sell, or import products embodying the claims in the '552 Patent.

24. Qualcomm has been and is now directly infringing the '552 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products, that structurally embody one or more claims of the '552 Patent. Qualcomm also has been and now is inducing others, such as manufacturers and/or retailers of products incorporating Qualcomm's infringing semiconductors, to directly infringe one or more claims of the '552 Patent by using, selling, offering for sale,

and/or importing products made by processes embodied in, or that otherwise embody, one or more claims of the '552 Patent.

25.     Qualcomm directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '552 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products.  By way of example only, Qualcomm has directly infringed and continues to infringe, in addition to other claims, at least claim 1 of the '552 Patent by making, using, selling, and/or offering to sell in the United States, without DSS's authority, products such as the Qualcomm Snapdragon 800 series, the MDM92335, and all devices made via a 28 or 20 nanometer process (the "Infringing Products").  Qualcomm's infringing activities include importing, offering for sale, and/or selling the Infringing Products in the United States.  Qualcomm also infringes the '552 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers.  Qualcomm's infringement of the '552 Patent has caused substantial damage to DSS.  Qualcomm's infringing activities violate at least 35 U.S.C. § 271(a).

26.     Qualcomm directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '552 Patent.  Qualcomm's deliberate actions include, but are not limited to, actively marketing to, encouraging use by, and instructing consumers, businesses, distributors, resellers, sales representatives, to use, promote, market, distribute, and/or sell the Infringing Products.  Plaintiff contends that Qualcomm aided, instructed, or otherwise acted with the intent to cause acts by consumers, businesses, distributors, resellers, and sales representatives that would result in direct

infringement of the '552 Patent.  At least as to the time of this filing, Qualcomm knew of the '552 Patent, and Qualcomm knows, or at least should know, that Qualcomm's actions would result in infringement of the '552 Patent.  By way of example only, Qualcomm has induced infringement and continues to induce infringement of, in addition to other claims of, at least claim 1 of the '552 Patent by making, using, selling, and/or offering to sell in the United States, without DSS's authority, products such as the Qualcomm Snapdragon 800 series, the MDM92335, and all devices made via a 28 or 20 nanometer process.  These actions, individually and collectively, have induced and continue to induce the direct infringement of the '552 Patent by consumers, businesses, distributors, resellers, and sales representatives.  Qualcomm's infringing activities violate 35 U.S.C. § 271(b).

27. Qualcomm, unless restrained and enjoined, will continue to cause, irreparable injury and damages to Plaintiff for which there is no adequate remedy at law.  Unless enjoined by this Court, Qualcomm will continue to infringe the '552 Patent.

## VI. DEMAND FOR A JURY TRIAL

28. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable of right by a jury.

## VII. PRAYER FOR RELIEF

29. WHEREFORE, Plaintiff requests the following relief:

30. A judgment that Defendant has directly infringed the patent-in-suit and/or induced the infringement of the patent-in-suit;

31. A preliminary and permanent injunction preventing Defendant and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in

active concert or participation with any of them, from directly infringing, and/or inducing the infringement of the patent-in-suit;

32. A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Plaintiff its attorneys' fees incurred in prosecuting this action;

33. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284;

34. A judgment and order requiring Defendants to pay Plaintiff the costs of this action (including all disbursements);

35. A judgment and order requiring Defendants to pay Plaintiff's pre-judgment and post-judgment interest on the damages award;

36. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Plaintiff be awarded a compulsory ongoing licensing fee; and

37. Such other and further relief as the Court may deem just and proper.

Dated: July 16, 2015

                                            Respectfully submitted,

                                            By: */s/ Derek Gilliland*

                                            **Derek Gilliland**
                                            Texas State Bar No. 24007239
                                            Attorney in Charge

**Edward Chin**
Texas State Bar No.  50511688
**Christian J. Hurt**
State Bar no. 24084364
**Kirk Voss**
Texas State Bar No.  24075229
**Robert Winn Cutler**
State Bar No. 24084364
**Ross Leonoudakis**
State Bar No. 24087915
**Nix Patterson & Roach, L.L.P.**
5215 N.  O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
christianhurt@nixlawfirm.com
kirkvoss@me.com
winncutler@nixlawfirm.com
rossl@nixlawfirm.com

**William E.  "Bo" Davis, III**
Texas State Bar No.  24047416
THE DAVIS FIRM, PC
222 N.  Fredonia St.
Longview, Texas 75601
Telephone: 903-230-9090
Telecopier: 903-230-9661
Email: bdavis@bdavisfirm.com

**ATTORNEYS FOR PLAINTIFF DSS TECHNOLOGY MANAGEMENT INC.**