**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **DSS Technology** | § | |
| **Management, Inc.** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 6:15-cv-0692** |
| **v.** | § | **LEAD CASE** |
| | § | **Jury Trial Demanded** |
| **Qualcomm Incorporated, et al.;** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF DSS TECHNOLOGY MANAGEMENT, INC.'S RESPONSE TO**
**DEFENDANT QUALCOMM INCORPORATED'S MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND ..............................................................................................................1

III.    LEGAL STANDARDS ....................................................................................................1

IV.     ARGUMENT ...................................................................................................................3

        A.      DSS Has a Meaningful Connection to The Eastern District of Texas....................3

        B.      Qualcomm Ignores Its Presence in the State of Texas............................................4

        C.      Related Cases are Pending in this District .............................................................5

        D.      Private Interest Factors .........................................................................................5

                i.      Relative case of access to sources of proof......................................................4

                ii.     Availability of compulsory process to secure attendance of witnesses..........6

                iii.    Cost of attendance for willing witnesses ........................................................7

                iv.     All other practical problems that make trial of a case easy, expeditious
                        and inexpensive................................................................................................9

        E.      Public Interest Factors........................................................................................11

V.      CONCLUSION..............................................................................................................12

# TABLE OF AUTHORITIES

## Cases

*Azure Networks, LLC v. CSR, PLC*,
    2012 U.S. Dist. LEXIS 114497 (E.D. Tex. June 25, 2012)..........................................6, 12

*Continental Grain Co. v. The FBL-585*,
    364 U.S. 19 (1960)...............................................................................................10

*Convergence Tech. (USA), LLC v. Microloops Corp.*,
    711 F. Supp. 2d 626 (E.D. Va. 2010) ...................................................................10

*DSS Tech Mgm't, Inc v. Apple Inc.*,
    No. 6:13-cv-00919, 2014 WL 6847569 (E.D. Tex. Nov. 7, 2014)...................................3

*Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*,
    No. 6:11-CV-34, slip op. at 5 (E.D. Tex. Apr. 19, 2012) ...................................7

*Emmanuel v. SPX Corp.*,
    2009 U.S. Dist. LEXIS 86094 (E.D. Tex. Sept. 21, 2009) ................................7

*Hanby v. Shell Oil Co.*,
    144 F. Supp. 2d 673 (E.D. Tex. 2001) ............................................................2

*In re DLink Corp.*,
    183 Fed. Appx. 967 (Fed. Cir. 2006)...............................................................5

*In re Google*,
    412 Fed. Appx. 295 (Fed. Cir. 2011)...............................................................9

*In re Vistaprint Ltd.*,
    628 F.3d 1342 (Fed. Cir. 2010).......................................................................9

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) .........................................................................2

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) .........................................................................2

*In re Volkswagen of Am., Inc.*,
    566 F.3d 1349 (Fed. Cir. 2009).....................................................................9, 10

*Innoband, Inc. v. ASO Corp.*
    Case No. 2:10-CV-191-TJW-CE, 2011 U.S. Dist. LEXIS 21986,
 (E.D. Tex. March 4, 2011) ...........................................................................2

*Konami Digital Entm't Co. v. Harmonix Music Sys.*
    2013 U.S. Dist. LEXIS 51336 (E.D. Tex. Jan. 14, 2013)....................................................6

*Lodsys v. Brother Int'l Corp.*,
    2013 U.S. Dist. LEXIS 51336 (E.D. Tex. Jan. 14, 2013)....................................................9

*Lonestar Inventions, L.P. v. Sony Elecs. Inc.*,
    2011 U.S. Dist. LEXIS 96828 (E.D. Tex. Aug. 28, 2011) ................................................4

*Mohamed v. Mazda Motor Corp.*,
    90 F. Supp. 2d 757 (E.D. Tex. 2000)...............................................................................8

*Music City Coach, Inc. v. Star City Coach Works, Ltd.*,
    2010 U.S. Dist. LEXIS 32917 (M.D. Tenn. April 2, 2010)...............................................8

*MyMail Ltd. v. America Online, Inc.*,
    223 F.R.D. 455 (E.D. Tex. 2004).....................................................................................10

*Network-1 Sec. Solutions, Inc. v. D-Link Corp.*,
    433 F. Supp. 2d 795 (E.D. Tex. 2006)...............................................................................5

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc., et al.*,
    2012 U.S. Dist. LEXIS 112757 (E.D. Tex. Aug. 10, 2012) ............................................11

*NovelPoint Learning LLC v. LeapFrog Enterprises, Inc.*,
    2010 WL 5068146 (E.D. Tex. Dec. 6, 2010).....................................................................3

*Nuvotronics, LLC v. Luxtera, Inc.*,
    2014 U.S. Dist. LEXIS 46169 (E.D. Va. Apr. 1, 2014).....................................................8

*Odom v. Microsoft*,
    596 F. Supp. 2d 995 (E.D. Tex. 2009)...............................................................................5

*Smith v. Kyphon*,
    578 F. Supp. 2d 954 (M.D. Tenn. 2008).............................................................................8

*Sybase, Inc. v. Vertica Sys., Inc.*,
    2008 U.S. Dist. LEXIS 44860 (E.D. Tex. June 9, 2008)....................................................5

*Texas Data Co., LLC v. Target Brands, Inc.*,
    771 F. Supp. 2d 630 (E.D. Tex. 2011)...............................................................................7

*Thomas Swan & Co. v. Finisar Corp., et al.*,
    2014 U.S. Dist. LEXIS 773 (E.D. Tex. Jan. 6, 2014).......................................................8

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964)..............................................................................................2

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, et al.,
    No. 2:13-CV-11, Dkt. No. 140 (E.D. Tex. Jan. 31, 2014)....................................7

*Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*,
    402 F. Supp. 2d 731 (E.D. Tex. 2005)..............................................................10

*Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*,
    982 F. Supp. 2d 714 (W.D. Tex. 2013)..............................................................7

## Rules

28 U.S.C. §§ 1391..............................................................................................2

28 U.S.C. § 1404(a) ...........................................................................................2

35 U.S.C. §§ 102, 103......................................................................................10

FED. R. CIV. P. 45 ...............................................................................................7

FED. R. CIV. P. 42 .............................................................................................11

## I.    Introduction

Plaintiff DSS Technology Management, Inc. ("DSS" or "Plaintiff") files this response to Qualcomm Incorporated's Motion to Transfer Venue. *See* Dkt. No. 52. Qualcomm Incorporated ("Qualcomm") fails to take into account all the parties, witnesses, and evidence and therefore fails to show that the Southern District of California ("SDCA") is a clearly more convenient forum than the Eastern District of Texas ("EDTX"). Accordingly, Qualcomm's motion should be denied. DSS would respectfully show the Court as follows.

## II.   Background

DSS's parent is a publicly traded operating company with engineering research and development facilities in this District. DSS filed this patent case accusing Qualcomm of infringing U.S. Patent No. 5,965,924 (the "'924 Patent") and U.S. Patent No. 6,784,552 (the "'552 Patent") (collectively the "Asserted Patents"). DSS has also filed cases asserting one or more of the Asserted Patents against Samsung Electronics Co., Ltd. and its related entities ("Samsung"), SK hynix, Inc. and its related entities ("SK hynix"), and Intel Corporation ("Intel"). The *Intel* case has proceeded through claim construction.

Despite venue being proper in this Court, Qualcomm seeks to transfer this case from EDTX to its home forum, SDCA. Because this is a Court of proper venue, Qualcomm has the burden of showing that SDCA is clearly more convenient than EDTX, and it cannot satisfy that significant burden by ignoring DSS's presence in this District, the location of DSS's witnesses and documents in this District, Qualcomm's presence in this State, and the interests of judicial economy.

## III.  Legal Standards

It is undisputed that this case was properly filed as a single action in this venue pursuant

to 28 U.S.C. §§ 1391 and 1400(b). Despite having been properly brought in this venue, Qualcomm has moved to transfer this case under section 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). It is within a district court's discretion to transfer venue pursuant to 28 U.S.C. § 1404(a) on a case-by-case basis. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001). The party seeking transfer must show good cause for the transfer, *i.e.*, that the transferee venue is clearly more convenient. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"); *Innoband, Inc. v. ASO Corp.*, Case No. 2:10-CV-191-TJW-CE, 2011 U.S. Dist. LEXIS 21986, at *13–14 (E.D. Tex. March 4, 2011) ("Section 1404(a) … may not be used to 'swap' conveniences").

When deciding whether to transfer venue, courts balance the private interests of the parties and the public interest in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## IV.   Argument

### A.  DSS Has a Meaningful Connection to The Eastern District of Texas

Qualcomm's assertion that DSS has no tenable connection to EDTX is incorrect. DSS has now been in business in this District for over two years. This Court's holding in *DSS Tech Mgm't, Inc v. Apple Inc.* that DSS's presence was "recent and ephemeral" was based on facts and circumstances as they existed in November of 2013. No. 6:13-cv-00919, 2014 WL 6847569 (E.D. Tex. Nov. 7, 2014). Those facts and circumstances have since changed. DSS has now had ongoing operations in EDTX for over two years with its current office located at 3415 Custer Road, Suite 104, Plano, Texas 75023. *See* Dkt. No. 52 at Exh. 1 (Declaration of Peter Hardigan[1] ("Hardigan Decl.")), at ¶ 4; *see* Voss Decl. at Exh. 1 (Cover page to lease agreement for DSS Plano office). Thus, DSS's Texas presence is not "recent and ephemeral" and should be considered. *NovelPoint Learning LLC v. LeapFrog Enterprises, Inc.*, Civ. No. 6:10-cv-229, 2010 U.S. Dist. LEXIS 128906 at *12 (E.D. Tex. Dec. 6, 2010) (Texas plaintiff formed four months before filing suit, formation was not "recent" under Federal Circuit precedent).

While it is true that DSS's authority to do business in Texas briefly lapsed due to an administrative oversight, that issue has since been remedied and DSS's authority has been reinstated. *See* Voss Decl. at Exh. 2 (DSS Certificate of Filing with State of Texas). Qualcomm's arguments based on this temporary lapse are simply incorrect and should be ignored.

### B.  Qualcomm Ignores Its Presence in the State of Texas.

In its Motion, Qualcomm skirts over its presence in the State of Texas. According to Qualcomm's documents, it has a campus in Austin, Texas where employees likely worked on the

---

[1] Peter Hardigan's declaration was originally filed in support of DSS's Response to Intel's Motion to Transfer Venue in *DSS Tech Mgm't Inc. v. Intel*, Civ. No. 6:15-cv-130, at Dkt. No. 93-1.

accused products. Indeed, according to Qualcomm's website, the "Austin Design Center" includes "[k]ey areas" such as "Digital Design, Verification, Physical Design, Circuits, Software (at both the SoC ASIC and core levels), and . . . Digital Signal Processor group." *See* Voss Decl. at Exh. 3. Further, Qualcomm is actively hiring employees to work on the design of CDMA processors at their Austin location. *See* Voss Decl. at Exh. 4 (Qualcomm Austin CDMA job posting). DSS has accused Qualcomm's processors made at the 28nm or 20nm node of infringing both the '552 and '924 patents, which include CDMA processors. *See* Voss Decl. at Exh. 5 (press release showing CDMA processors made at accused 28nm node); Voss Decl. at Exh. 6 (press release showing CDMA processors made at accused 20nm node). Thus, it is highly likely that there are knowledgeable witnesses and documents relevant to this case in Texas.

### C.  Related Cases are Pending in this District

In addition to this case, there are three other recently filed related cases involving infringement of one or both of the patents asserted against Qualcomm pending in this District[2]. The '552 Patent is asserted in every co-pending case. The '924 Patent is asserted in the case against Intel Corporation. The co-pending cases involve similar theories of infringement as this case. This Court has already consolidated the cases against Samsung and SK hynix for pre-trial purposes.

### D.  Private Interest Factors

#### i.  Relative ease of access to sources of proof

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. *Lonestar Inventions, L.P. v. Sony*

---

[2] *DSS Technology Management, Inc. v. SK Hynix, Inc.*, et al.; 6:15-cv-691; *DSS Technology Management, Inc. v. Intel*, et al.; 6:15-cv-130; *DSS Technology Management, Inc. v. Samsung Electronics Co., Ltd.*, et al.; 6:15-cv-690.

*Elecs. Inc.*, Civ. No. 6:10-CV-588, 2011 U.S. Dist. LEXIS 96828, at *6 (E.D. Tex. Aug. 28, 2011). Qualcomm has failed to do so. First, DSS has a business presence in this District, which weighs against transfer. *See* Hardigan Decl., ¶¶ 4, 7–44. As discussed above, DSS had an office in Tyler, Texas, which it has recently relocated to Plano, Texas—both locations within this District. *See id.*, ¶¶ 4, 13-14, 42. DSS's parent is a publicly traded company actively engaged in engineering, research, and development of the technologies related to its intellectual property portfolios. *See id.*, ¶¶ 6–44; Dkt. No. 1, ¶¶ 1, 8. DSS maintained documents related to this litigation and its patent portfolios at its offices within this District. *See* Hardigan Decl., ¶ 5. DSS's presence in this District predates this lawsuit and should be considered in the transfer analysis. *See Azure Networks, LLC v. CSR, PLC*, Civ. No. 6:11-CV-139, 2012 U.S. Dist. LEXIS 114497, at *11 (E.D. Tex. June 25, 2012).

Qualcomm contends that substantially all of its proof is located either in California, Nevada, or in foreign countries. However, as discussed above, at least some of this proof is likely also located in Austin, Texas. Nonetheless, even if Qualcomm could demonstrate that the SDCA afforded a clearly more convenient access to some sources of proof, this District has found the burden of document production of minimal significance in litigation where the parties are disparately located. *See, e.g., Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 799 (E.D. Tex. 2006) (Davis, J.) (giving little weight to document production), *mandamus denied*, *In re D-Link Corp.*, 183 Fed. Appx. 967 (Fed. Cir. 2006); *Sybase, Inc. v. Vertica Sys., Inc.*, Civ. No. 6:08-CV-024, 2008 U.S. Dist. LEXIS 44860, at *5 (E.D. Tex. June 9, 2008); *see also Odom v. Microsoft*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. 2009) ("Because electronic information can be accessed conveniently in any number of locations, not simply the location where the information is 'stored,' it does not follow that transfer to the location of the stored

information is more convenient for anyone."). This Court should give little weight to arguments regarding the location of Qualcomm's documents because the parties are disparately located. Accordingly, this factor does not weigh in favor of transfer.

Moreover, Qualcomm identifies witnesses and potential sources of proof from all over the United States and the globe, which does not weigh in favor of transfer. Specifically, Qualcomm lists patent prosecuting attorneys in Detroit, Michigan and Chicago, Illinois as potential witnesses with relevant proof. Dkt. No. 52 at 9. Similarly, Qualcomm lists several of its fabrication partners that have knowledge and documents relating to the transistor construction process relevant to this case. *Id*. at 5–6. Several of those "fabs" are located in Asia—TSMC is in Taiwan, Samsung is in Korea, SMIC is in China, and UMC is in Taiwan and Singapore. *Id*. at 4–5. Further, one of Qualcomm's "fabs"—Global-Foundries—has locations in New York and Vermont. *Id*. at 6. According to Qualcomm, most of the relevant sources of proof are located abroad. *Id.* at 6. ("The vast majority of the accused products were fabricated and packaged abroad . . . . Relevant documents and witnesses of the foundries are likely to be located abroad."). Because the sources of proof in this case have various locations across the country and the world, this factor does not support a motion to transfer. *See Konami Digital Entm't Co. v. Harmonix Music Sys.*, 2009 U.S. Dist. LEXIS 24748, at *15–16 (E.D. Tex. Mar. 23, 2009) ("Because the sources of proof originate from varied locations across the country and the globe, this factor is neutral."). Further, Qualcomm's assertion that SDCA "is more convenient for any third party witnesses who reside in Asia" is legally incorrect. Dkt. No. 52 at 10. Overseas witnesses and evidence are weighed as being equally inconvenient for any domestic location. *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009).

### ii.   Availability of compulsory process to secure attendance of witnesses.

As the party seeking transfer, Qualcomm bears the burden of identifying unwilling third-party witnesses who would benefit from the transfer. *Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, Civ. No. 6:11-CV-34, slip op. at 5 (E.D. Tex. Apr. 19, 2012); *see also Texas Data Co., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643 (E.D. Tex. 2011). While Qualcomm identifies potential witnesses located in the transferee forum, Qualcomm has not alleged or proffered evidence that it will be unable to secure the attendance of any third-party witness at trial. *See Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 726 (W.D. Tex. 2013) (the compulsory process factor is at best neutral when parties have not alleged that non-party witnesses are unwilling to testify). Thus, this factor weighs against transfer.

Furthermore, as this District has previously noted, "even if this Court could not compel a witness's attendance, neither party is prevented from using the witness's videotaped deposition at trial." *Emmanuel v. SPX Corp.*, Civ. No. 6:09-CV-220, 2009 U.S. Dist. LEXIS 86094, at *19–20 (E.D. Tex. Sept. 21, 2009). Additionally, under the amended Rule 45, this Court may compel the deposition testimony of third-party witnesses, so long as the deposition occurs within 100 miles of the witness's residence or regular place of business. FED. R. CIV. P. 45. Thus, "[t]he proper inquiry, under newly amended Rule 45, is then how much, if at all, [Qualcomm] might be inconvenienced by having to rely on depositions as opposed to live attendance at trial." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, et al., Civ. No. 2:13-CV-11, Dkt. No. 140, at 10 (E.D. Tex. Jan. 31, 2014). Here, Qualcomm has "failed to explain how [it] would be inconvenienced by presenting only the non-party witnesses' deposition testimony at trial." *See id.* In fact, Qualcomm has not even alleged that this would be an inconvenience.

### iii.   Cost of attendance for willing witnesses

"Although the court must consider the convenience of both the party and non-party witnesses, 'it is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight in a transfer of venue analysis.'" *See Thomas Swan & Co. v. Finisar Corp., et al.*, Civ. No. 2:13-CV-178-JRG, 2014 U.S. Dist. LEXIS 773, at *13 (E.D. Tex. Jan. 6, 2014) (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000)).

Qualcomm alleges that SDCA would be more convenient for its own employees. But other Courts have stated that alleged inconvenience to party witnesses is given less weight because party witnesses are presumed willing to travel to another forum. *See, e.g., Nuvotronics, LLC v. Luxtera, Inc.*, Civ. No. 7:13-CV-478, 2014 U.S. Dist. LEXIS 46169, at *16 (E.D. Va. Apr. 1, 2014); *Music City Coach, Inc. v. Star City Coach Works, Ltd.*, 2010 U.S. Dist. LEXIS 32917, at *33 (M.D. Tenn. April 2, 2010) ("[W]hile the convenience of all parties and potential witnesses is important, courts typically focus on convenience issues surrounding non-party witnesses, because it is generally presumed that party witnesses will appear voluntarily in either jurisdiction, but non-party witnesses, with no vested stake in the litigation, may not."); *Smith v. Kyphon*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008) ("Because these witnesses are employees who can be compelled to testify on behalf of their employer, their convenience is of lesser relevance.").

The minimal weight given to the location of Qualcomm's employees is further mitigated by the fact that Qualcomm employees with relevant knowledge of Qualcomm's related technologies, including some listing work with the development of some of the accused products, appear to reside in Texas near this District—and much closer to this District than SDCA. As discussed above, Qualcomm has a campus in Austin, Texas. *See* Voss Decl. at Exh. 3. Current Qualcomm employees who live in Austin, Texas list work experience related to

engineering and development of processors on their LinkedIn profiles. *See, e.g.,* Voss Decl. at Exh. 7, Voss Decl. at Exh. 8. For example, Suresh Venkumahanti, a Principal Engineer at Qualcomm, describes himself as a "CPU Lead Micro Architect." Voss Decl. at Exh 7. Similarly Dale Littwin—who also lives in the Austin, Texas area—works as a Senior Staff Engineer at Qualcomm's Austin office "on [the] physical design experience from RTL to GDSII at process nodes **from 28nm** to 180nm." Voss Decl. at Exh. 8 (emphasis added). Given that Qualcomm designs processors in Austin, including CDMA processors and accused 28nm node processors, it is likely that several of these employees will need to be deposed. Accordingly, Qualcomm's contention that trying this case in this District would be inconvenient for its employee witnesses should be given little weight.

### iv.   All other practical problems that make trial of a case easy, expeditious, and inexpensive

Although judicial economy is not a specifically enumerated factor in the transfer analysis, it is "a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*"). The Court may deny motions to transfer venue based solely on judicial economy. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345–47 (Fed. Cir. 2010)  (holding that district court may properly deny § 1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer"); *In re Google*, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective"). *Lodsys v. Brother Int'l Corp.*, Civ. No. 2:11-CV-90-JRG, 2013 U.S. Dist. LEXIS 51336, at *27–28, n.1 (E.D. Tex. Jan. 14, 2013).

A multiplicity of suits pending in a single district counsels against transfer to another

forum. *Volkswagen III*, 566 F.3d at 1351 (denying mandamus of a ruling denying motion to transfer, noting the judicial efficiencies of litigating multiple lawsuits involving the same issues in a common forum). As the Supreme Court has explained, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). The risk of inconsistent rulings and judgments from simultaneously pending cases in different courts "may be greater on average than for many other types of cases owing chiefly to the large number of issues that typically arise in most patent cases, including, for example, infringement and willful infringement, various invalidity issues under 35 U.S.C. §§ 102, 103, inequitable conduct, laches, waiver, not to mention *Markman* claim term determinations, which, in the mine run of patent cases, are rarely fewer than ten and often many more." *Convergence Tech. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 642–43 (E.D. Va. 2010); *see also Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 737 (E.D. Tex. 2005) (granting transfer in order to consolidate two cases where "the same patent is simultaneously being litigated" in part to avoid the "serious problems" created by the risk of inconsistent judgments); *Mymail, Ltd., v. Am. Online, Inc.*, 233 F.R.D. 455, 458 (E.D. Tex. 2004) ("[T]wo claim constructions risk inconsistency, create uncertainty regarding the patent's scope, and impede the administration of justice.").

The commonality of facts and circumstances between the four pending cases counsels against transfer. As noted above, all of the related DSS cases involve allegations of infringement of one or both of the Asserted Patents. There is overlap in the accused technologies in the co-pending suits. It is also quite likely that third-party witnesses such as inventors, prosecution

counsel, and others will be common witnesses at depositions or at trial in all pending cases. As stated above, this case and the Samsung and SK hynix cases have been consolidated for at least all discovery purposes, which lessens the burden on these third parties, who would otherwise have to endure multiple rounds of discovery requests and depositions arising from other related cases. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc., et al.*, Civ. No. 6:11-CV-495, 2012 U.S. Dist. LEXIS 112757, at *15–17 (E.D. Tex. Aug. 10, 2012) (discussing a district court's authority under FED. R. CIV. P. 42 "to better conserve judicial resources via consolidation for certain common issues such as pretrial, *Markman*, or trial" and consolidating a number of cases through pretrial proceedings). Transferring Qualcomm away from this District would all but guarantee such a burden on third-party witnesses. Because of the commonality of facts and legal issues, it would be a waste of judicial resources, time, and money for these cases to be litigated separately.

Qualcomm argues that "[t]his Court has no substantive experience with the patents-in-suit, and claim construction briefing has yet to commence." Dkt. No. 52 at 14. But Judge Schroeder has significant substantive experience with the Asserted Patents. In the *Intel* case, Judge Schroeder has conducted a *Markman* hearing and recently entered a claim construction order. Qualcomm's request to transfer its case to SDCA decreases overall judicial economy. The solution to any "efficiency problem" is an intra-district transfer, not a transfer of one related case across the country to the SDCA.

### E.  Public Interest Factors

Despite its burden to prove that the transferee forum is "clearly more convenient," Qualcomm only identifies two public interest factors that allegedly weigh in factor of transfer: local interest and court congestion. While Qualcomm is located in California, this District also

has a substantial local interest in the outcome of the case. As discussed above, DSS has had offices in this District for over two years, where its employees have engaged in marketing, engineering, research, and development efforts. *See* Hardigan Decl., ¶¶ 4, 7–44. Thus, Qualcomm downplays EDTX residents' interest in adjudicating this dispute while exaggerating that of SDCA residents. Even without considering the other defendants in the consolidated case, the local interests arising from DSS's presence here renders this factor neutral at best. *See Azure Networks*, 2012 U.S. Dist. LEXIS 114497, at *15.

Qualcomm concedes that court congestion "is not significantly different" between EDTX and SDCA. Qualcomm identifies a 2.2-month difference from case filing to jury trial, in favor of the SDCA. Dkt. No. 52 at 15. If the case is transferred, whatever slight time-to-trial advantage the SDCA enjoys will be consumed by renegotiating the case schedule. Consequently, the court congestion factor does not favor transfer.

Qualcomm concedes that the remaining public interest factors are neutral. *See* Dkt. No. 52 at 15–16. Accordingly, no public interest factor favors transfer to the SDCA.

## V.   Conclusion

For the foregoing reasons, the SDCA is not clearly a more convenient venue than EDTX. Thus, DSS respectfully requests that this Court deny Qualcomm's Motion to Transfer Venue. A Proposed Order is attached.


Dated: March 14, 2016


/s Kirk Voss/

**Kirk Voss**

**Derek Gilliland**

Texas State Bar No. 24007239
**Attorney in Charge**
**Christian J. Hurt**
State Bar no. 24084364
**Kirk Voss**
Texas State Bar No. 24075229
**Robert Winn Cutler**
State Bar No. 24084364
**Ross Leonoudakis**
State Bar No. 24087915
Nix Patterson & Roach, L.L.P.
Advancial Tower
1845 Woodall Rodgers Freeway
Suite 1050
Dallas, Texas 75201
972.831.1188 (telephone)
972.444.0716(facsimile)
dgilliland@nixlawfirm.com
christianhurt@nixlawfirm.com
kirkvoss@me.com
winncutler@nixlawfirm.com
rossl@nixlawfirm.com

William E. "Bo" Davis, III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
213 N. Fredonia St., Ste. 230
Longview, Texas 75601
Telephone: 903-230-9090
Telecopier: 903-230-9661
Email: bdavis@bdavisfirm.com

ATTORNEYS FOR PLAINTIFFS DSS
TECHNOLOGY MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on all counsel of record on this the 14th day of March, 2015.

/s Kirk Voss/

**KIRK VOSS**